UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD CRAIG COLLICK, | )<br>) CASE NO. C14-0299-MJP-MAT |
| Petitioner, | )<br>) |
| v. | ) REPORT AND RECOMMENDATION |
| MARAGRET GILBERT, | )<br>)<br>) |
| Respondent. | )<br>) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Gerald Collick is a Washington prisoner who is currently confined at the Monroe Correctional Complex in Monroe, Washington. Petitioner has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge his 2010 King County Superior Court judgment and sentence. Respondent has filed an answer to the petition together with relevant portions of the state court record. Petitioner has filed a reply brief in support of his petition. This Court, having reviewed the petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed because the petition is untimely and because all of petitioner's

REPORT AND RECOMMENDATION
PAGE -1

claims are, in any event, procedurally barred.

## PROCEDURAL HISTORY

The Washington Court of Appeals summarized the facts of petitioner's crimes and the trial court proceedings as follows:

> In 2005, Gerald Collick attended Ashmead College with classmates Nathaniel Schleimer and Charity Cox. During the course of the school year, a conflict developed between Collick and Schleimer. Collick confided his frustrations about the school, Schleimer, and other matters in nightly telephone conversations with Cox. Collick's anger escalated and he eventually told Cox that he had purchased a gun and that he wanted to "shoot up the school." She testified that she was concerned that Collick was actually going to shoot people at the school. She informed Schleimer about these conversations, and he notified the police. In 2006, Collick pleaded guilty to harassment of Cox, Schleimer, and another person. The court entered anti-harassment orders protecting all three victims effective through June 19, 2008.
>
> During the spring, summer, and fall of 2008, Collick contacted Schleimer and Cox by telephone. Collick left telephone messages for Schleimer on his home telephone in May and on June 13 and 15, 2008. He left two more telephone messages for Schleimer on his cell phone on August 3, 2008.
>
> The State charged Collick by second amended information with six counts of felony harassment for the calls to Schleimer and Cox. Each message formed the basis for each count in the amended information. The August 3, 2008 messages to Schleimer were the subjects of counts III and IV. The State requested exceptional sentences for counts III through VI.
>
> A jury convicted Collick on all six counts. The jury also found, by special verdict, that Collick's conduct had a destructive impact on someone other than the victim of the felony harassment in counts III through VI.
>
> At sentencing, the court imposed concurrent, standard range sentences on counts I and II. The court imposed sentences of 60 months, above the standard range, on each of the remaining four counts. Each of these sentences is to run consecutively to each other and to counts I and II.

(Dkt. 17, Ex. 10 at 2-3 (footnote omitted).)

REPORT AND RECOMMENDATION
PAGE -2

01      Petitioner appealed his convictions and sentence to the Washington Court of Appeals. 02 Petitioner's appellate counsel presented three assignments of error to the Court of Appeals for 03 review:  (1) the evidence was insufficient to support the jury's special verdicts on counts III 04 and IV that the offenses had "a destructive and foreseeable impact on persons other than the 05 victim;" (2) the trial court erred when it imposed exceptional sentences for counts III through 06 VI based on just one aggravating circumstance; and, (3) the trial court erred when it failed to 07 incorporate its findings of facts and conclusions of law regarding the exceptional sentence into 08 the face of the judgment and sentence.  (*See* Dkt. 17, Ex. 6 at 1-2.)  Petitioner also filed two 09 *pro se* statements of additional grounds for review in which he presented various challenges to 10 his convictions and a challenge to the inclusion in his criminal history of a prior proceeding in 11 the State of Maryland which had been dismissed.  (*See id*., Exs. 7 and 8.)  On April 4, 2011, 12 the Court of Appeals issued an unpublished opinion affirming petitioner's convictions and 13 sentence.  (*Id*., Ex. 10.)

14      Petitioner thereafter sought review by the Washington Supreme Court.  Petitioner, 15 through counsel, presented a single issue to the Supreme Court for review; *i.e.*, that the trial 16 court erred when it sentenced petitioner to two types of exceptional sentence (a non-standard 17 range sentence and an exceptional consecutive sentence) based on a single aggravating factor. 18 (*See id*., Ex. 11 at 1 and 3.)  On September 6, 2011, the Washington Supreme Court denied 19 review without comment.  (*Id*., Ex. 13.)  The Washington Court of Appeals issued a mandate 20 terminating direct review on October 12, 2011.  (*Id*., Ex. 16.)

21      Petitioner next filed a *pro se* petition for writ of certiorari in the United States Supreme 22 Court.  (*Id*., Ex. 17.)  The Supreme Court denied the petition on June 11, 2012.  (*Id*., Ex. 18.)

REPORT AND RECOMMENDATION
PAGE -3

01       On May 31, 2013, petitioner filed a *pro se* personal restraint petition in the Washington
02  Court of Appeals. (*Id*., Ex. 19.)  Petitioner raised the following issues in his petition: (1)
03  trial counsel provided ineffective assistance; (2) the state presented insufficient evidence in
04  support of the sentencing enhancements; (3) petitioner's offender score was miscalculated; (4)
05  the admission of testimony that Nathanial Schleimer's girlfriend, Sonya Vargas, was afraid
06  petitioner's threats would be carried out violated his rights under the Confrontation Clause; and
07  (5) the trial court erred in failing to incorporate its findings of fact and conclusions of law
08  supporting the exceptional sentence into the judgment and sentence. (*See* Dkt. 17, Ex. 19 at
09  7-8.)  The Court of Appeals issued an order dismissing the personal restraint petition on
10  November 13, 2013. (*Id*., Ex. 21.)

11       On December 4, 2013, petitioner filed a motion for extension of time with the
12  Washington Supreme Court requesting an additional 90 days in which to file a motion for
13  discretionary review. (*Id*., Ex. 22.)  On the same date, the Clerk of the Supreme Court denied
14  the motion for extension of time, noting that petitioner had not demonstrated any extraordinary
15  circumstances which would justify an extension, and had not referenced the nature of any issue
16  on which he might seek review and why review would be justified. (*Id*., Ex. 23.)  Petitioner
17  thereafter filed a motion to modify the Clerk's ruling along with a second motion for extension
18  of time. (*Id*., Exs. 24 and 25.)

19       On December 23, 2013, the Clerk of the Supreme Court set petitioner's two motions, as
20  well as a Clerk's motion to dismiss the matter for failure to serve and file a timely motion for
21  discretionary review, on the court's calendar for consideration on February 4, 2014. (*Id*., Ex.
22  27.)  On February 5, 2014, the Chief Justice of the Washington Supreme Court entered an

REPORT AND RECOMMENDATION
PAGE -4

order denying petitioner's motions to modify and to extend time, and granting the Clerk's motion to dismiss. (*Id*., Ex. 28.) On February 21, 2014, the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings.

On March 3, 2014, petitioner initiated the instant action with the submission of a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (*See* Dkt. 1.) After reviewing the petition, this Court concluded that the petition was properly construed as one brought under § 2254 and that the petition was defective because petitioner had failed to name a proper respondent. (Dkt. 9.) Petitioner was granted leave to file an amended petition, and the amended petition was received by the Court for filing on May 1, 2014. (*See* Dkts. 9 and 10.) Petitioner's amended petition is now before this Court for review.

## GROUNDS FOR RELIEF

Petitioner identified the following four grounds for relief in his amended petition:

(1) Petitioner's rights under the Confrontation Clause were violated when he state failed to call Sonya Vargas or the parents of Nathanial Schleimer to testify.

(2) The trial court erred when it failed to incorporate its findings of fact and conclusions of law supporting the exceptional sentence into the judgment and sentence.

(3) The evidence presented at trial was insufficient to support the exceptional sentence imposed on counts III and IV, and trial counsel rendered ineffective assistance when he failed to request a proper jury instruction on the special verdicts.

(4) Petitioner's sentence violates Washington law which requires that the jury rather than the judge make the findings of fact necessary to support

---

[1] Petitioner filed a previous habeas action in this court in November 2011 challenging the same 2010 King County Superior Court judgment and sentence. (*See* C11-1884-RSL, Dkt. 1.) That action was dismissed, without prejudice, in August 2012 based on petitioner's failure to allege any cognizable ground for federal habeas relief. (*See* C11-1884-RSL, Dkts. 11 and 14.)

REPORT AND RECOMMENDATION
PAGE -5

the imposition of consecutive sentences.

(*See* Dkt. 10 at 5, 7, 8 and 10.)

## DISCUSSION

Respondent argues in his answer to petitioner's petition that the petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).  Respondent also argues that petitioner failed to properly exhaust any of the claims asserted in the instant petition and that the claims are now procedurally barred under an independent and adequate state law.

### Statute of Limitations

Pursuant to §2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed a by a person in custody pursuant to the judgment of a state court.  The one year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer.  28 U.S.C. § 2244(d)(1)(A).  In this case, the period for direct review ended when the United States Supreme Court denied petitioner's petition for writ of certiorari.  *Gonzales v. Thaler*, 132 S. Ct. 641, 653 (2012).  The Supreme Court denied petitioner's petition on June 11, 2012, and petitioner's one year statute of limitations began to run on the following day.  *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction.  28 U.S.C. § 2244(d)(2).  Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on May 31, 2013, which stopped the clock on the federal statute of limitations.  At that time, 353 days had run on the statute of limitations.  The Court of Appeals dismissed petitioner's personal restraint petition on

November 13, 2013.

Under Rule 13.5(a) of the Washington Rules of Appellate Procedure, petitioner had 30 days within which to file a motion for discretionary review of the Court of Appeals' order dismissing his personal restraint petition. Petitioner did not file a motion for discretionary review within the requisite time period but, instead, sought an extension of time to file such a motion. The Supreme Court rejected petitioner's efforts to obtain an extension of time, concluding that petitioner had not met the requirements for obtaining such an extension under Rule 18.8(b) of the Washington Rules of Appellate Procedure.[2] The Washington Supreme Court denied petitioner's requests for an extension of time and dismissed the action on February 5, 2014.

Respondent argues that the clock on the federal statute of limitations started to run again on December 13, 2013, the deadline for petitioner to file a motion for discretionary review in the Washington Supreme Court. Respondent maintains that because petitioner's motions for extension of time to file his motion for discretionary review were denied, there was no "properly filed application for state post-conviction or other collateral review" pending in petitioner's case after that date. Respondent's argument appears to have merit. However, this Court need not conclusively resolve that issue.

It suffices, for purposes of this case, to recognize that petitioner's personal restraint

---

2  RAP 18.8(b) provides:
   The appellate court will only in extraordinary circumstances and to prevent a miscarriage of justice extend the time within which a party must file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section. The motion to extend time is determined by the appellate court to which the untimely notice, motion or petition is directed.

REPORT AND RECOMMENDATION
PAGE -7

proceedings terminated, at the latest, on February 5, 2014, the day the Washington Supreme Court denied petitioner's requests for extension of time and dismissed the action. The statute of limitations began to run the following day, February 6, 2014, and expired 12 days later on February 18, 2014. Petitioner signed the original habeas petition submitted in this action on February 26, 2014, eight days after the statute of limitations expired.

The statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549 (2010). However, the Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation and citation omitted). Petitioner appears to suggest in his response to respondent's answer that he is entitled to equitable tolling because the Department of Corrections contract attorney who provided him advice regarding post-conviction proceedings failed to thoroughly explain how the tolling provisions of the federal statute of limitations would impact these proceedings. However, petitioner's lack of knowledge regarding the operation of the tolling provisions applicable to federal habeas actions does not constitute the type of "extraordinary circumstance" that would entitle petitioner to equitable tolling. Moreover, petitioner makes no showing that his lack of knowledge regarding the tolling provisions was, in fact, the cause of his untimeliness.

Because petitioner filed his petition outside the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-barred.

Exhaustion and Procedural Default

Respondent also argues in his answer to petitioner's federal habeas petition that even if the petition were to be deemed timely, it must nonetheless be dismissed because petitioner's claims are now procedurally barred. Respondent is correct.

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing, *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The record makes clear that petitioner failed to present any of his federal habeas claims to the Washington Supreme Court for review. Petitioner therefore failed to properly exhaust his claims. Respondent argues that petitioner, having failed to properly exhaust many of his grounds for relief, would now be barred from presenting his claims to the state courts under RCW 10.73.090. RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. Petitioner's conviction became final on June 11, 2012, the date the United States Supreme Court denied petitioner's petition for writ of certioarari. Thus, petitioner would now be time barred from returning to the state courts to present his unexhausted claims.

REPORT AND RECOMMENDATION
PAGE -9

*See* RCW 10.73.090.

Based upon the foregoing, this Court concludes that petitioner has procedurally defaulted on all of his federal habeas claims. When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner makes no such showing. Thus, even if petitioner could establish that his habeas petition was timely filed, the petition must nonetheless be dismissed as procedurally barred.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas

*See* RCW 10.73.090.

Based upon the foregoing, this Court concludes that petitioner has procedurally defaulted on all of his federal habeas claims. When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner makes no such showing. Thus, even if petitioner could establish that his habeas petition was timely filed, the petition must nonetheless be dismissed as procedurally barred.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas

petition, and this action, be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this 10th day of July, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -11